IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | 3:03-cr-00018-3 |
| v. | * | |
| ANTHONY TIMOTHY DODD, | * | ORDER REDUCING SENTENCE |
| Defendant. | * | |

Before the Court is Defendant Anthony Timothy Dodd's Motion to Reduce Sentence under the First Step Act of 2018, filed March 15, 2019. ECF No. 763. The Government filed its resistance on March 22, 2019, ECF No. 767, and Defendant filed his Reply on April 5. ECF No. 773. The case is fully submitted.

I. BACKGROUND

Defendant pleaded guilty to one count of conspiracy to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846, on August 19, 2003. *See* ECF No. 127. On May 25, 2006, the Court sentenced him to life in prison. *See* ECF No. 494. On December 19, 2016, then-President Obama commuted Defendant's sentence to a term of 240 months, "leaving intact and in effect . . . the term of supervised release imposed by the court with all its conditions and all other components of each respective sentence." ECF No. 723.

At his original sentencing, Defendant was held accountable for at least 1.5 kilograms of crack cocaine. *See* ECF No. 495 (adopting PSR); ECF No. 506 ¶ 60. At that time his base offense level was 38 and, after a two-level enhancement for a dangerous weapon and a three-level reduction for acceptance of responsibility, his final offense level was 37. ECF No. 506

¶¶ 61, 67.  He had a criminal history category of V, and his advisory guideline range was 324–405 months.  *Id.* ¶ 82; ECF No. 495.  His mandatory minimum sentence was life in prison, as a result of two prior qualifying felonies under 21 U.S.C. § 851.  *See* 21 U.S.C. § 841(b)(1)(A).

## II.     ANALYSIS

The First Step Act of 2018 was enacted on December 21, 2018.  Pub. L. No. 115-391, 132 Stat. 5194.  Section 404 of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed."  *Id.* § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B).  The First Step Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."  *Id.* § 404(a).  Section 2 of the Fair Sentencing Act modified the statutory penalties for certain violations of the Controlled Substances Act, 21 U.S.C. § 841(b)(1), effectively reducing the penalty applicable to Defendant's offense of conviction.  Pub. L. No. 111-220, sec. 2, § 401(b)(1), 124 Stat. 2372 (2010).

At the time of his sentencing in 2006, Defendant's quantity of conviction was fifty grams of crack cocaine, which triggered a statutory mandatory minimum sentence of ten years.  *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006).  Because Defendant had two qualifying prior felonies under 21 U.S.C. § 851, his mandatory minimum was increased to life in prison.  *See* 21 U.S.C. § 841(b)(1)(A).  Section 2 of the Fair Sentencing Act increased the amount of cocaine base required to trigger a mandatory minimum of ten years from fifty grams to 280 grams.  Sec. 2(a)(1), 124 Stat. at 2372; *see* 21 U.S.C. § 841(b)(1)(A)–(B) (2012).  Applying the Fair Sentencing Act retroactively to Defendant, as directed by section 404 of the First Step Act, fifty grams of cocaine base is greater than twenty-eight grams but less than 280 grams, for a

mandatory minimum sentence of five years with a mandatory four-year term of supervised release. *See* 21 U.S.C. § 841(b)(1)(B). Because he has a qualifying prior felony under 21 U.S.C. § 851, his mandatory minimum is increased to ten years, and his term of supervised release is increased to eight years.[1] *Id*. In other words, applying the First Step Act reduces Defendant's mandatory minimum sentence from life in prison to ten years.

Defendant's Sentencing Guidelines range has also changed. Under today's guidelines a quantity of 1.5 kilograms of crack cocaine results in a base offense level of 32. U.S.S.G. § 4B1.1(b)(1). After a two-level enhancement for possession of a weapon and a three-level reduction for acceptance of responsibility, his final offense level is now 31. When combined with his criminal history category of V, Defendant's Guidelines range is now 168–210 months.

The Government in its resistance makes two arguments why Defendant is nonetheless not eligible for a sentence reduction under the First Step Act. First, that Supreme Court caselaw as articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 570 U.S. 99, 108 (2013), is not retroactive and therefore Defendant—who at sentencing was found responsible for at least 1.5 kilograms of crack cocaine by a preponderance of the evidence—is subject to the enhanced mandatory minimum regardless of the drug quantities he pleaded guilty to. *See* ECF No. 767 at 4. The First Step Act, however, applies to offenses and not conduct. *See United States v. Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019). Defendant's offense was conspiracy to distribute and possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 841(b)(1)(A) (2006) as it then existed. *See*

---

[1] Unlike convictions under § 841(b)(1)(A), convictions under § 841(b)(1)(B) do not provide for further increases in the mandatory minimum for qualifying prior felony convictions beyond the first. *Compare* 21 U.S.C. § 841(b)(1)(A) *with* 21 U.S.C. § 841(b)(1)(B).

ECF No. 131.  It is that offense that was affected by the Fair Sentencing Act, and that offense with which the First Step Act is concerned.

Further, this argument rests on a misplaced equivalency with sentence reductions under 18 U.S.C. § 3582(c)(2), a narrow avenue limited by the U.S. Sentencing Commission through 28 U.S.C. §§ 994(o) and 994(u) and U.S. Sentencing Guidelines § 1B1.10.  Such a reduction does not "impose a new sentence in the usual sense."  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  In contrast, section 404(b) of the First Step Act contains a broader grant of authority to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010" were in effect.[2]  Both *Apprendi* and *Alleyne* are binding on this Court for sentencings held today.  That these procedural rules do not trigger a right to relief retroactively on collateral review, *see Walker v. United States*, 810 F.3d 568, 574–75 (8th Cir. 2016), is distinct from whether they apply to proceedings independently authorized under the First Step Act.

Second, the Government argues that because Defendant's sentence was commuted by the President in 2016, Defendant no longer qualifies for relief within the meaning of the First Step Act.  ECF No. 767 at 4–5.  Although the Court is sensitive to the breadth of the Executive's clemency power, it is not infringed here.  The executive clemency warrant specifically states that it commutes "the total sentence of imprisonment" but leaves "intact and in effect for each named person the term of supervised release *imposed by the court* with all its conditions and all other components of each respective sentence."  ECF No. 723 (emphasis added).  In other words, the commutation changed the length of the term of imprisonment imposed but did not otherwise alter either the sentence or the crime of conviction.  Defendant's offense of conviction remains a "covered offense"—a violation of the federal criminal law modified by the Fair Sentencing Act

---

[2] As section 404 of the First Step Act authorizes a reduction in sentence by its own terms, it would be effective even absent the existence of 18 U.S.C. § 3582(c)(1)(B) as complementary authority.

4

of 2010 committed before August 3, 2010—and this Court remains the "court that imposed a sentence for [the] covered offense" that is authorized to impose a new sentence under section 404 of the First Step Act.  As a change in the sentence under the First Step Act does not purport to modify the commuted term of Defendant's sentence, or modify a condition added by the executive clemency warrant, the existence of a grant of clemency does not foreclose relief under the First Step Act.  *See Biddle v. Perovich*, 274 U.S. 480 (1927) ("No one doubts that a reduction of the term of an imprisonment or the amount of a fine would limit the sentence effectively, on the one side, and, on the other, would leave the reduced term or fine valid and to be enforced."). Nor is the commutation "the overturning of judgment of conviction by some other tribunal" but "[a]n executive action that mitigates or sets aside *punishment* for a crime."  *Nixon v. United States*, 506 U.S. 224, 232 (1993) (citing Black's Law Dictionary 1113 (6th ed. 1990)).  In other words, the commutation "shortened an existing sentence," it "did not impose a new sentence" that would place it outside the reach of the First Step Act.  *United States v. Stilling*, No. 8:08-cr-230-SCB-SPF, slip op. at 3 (M.D. Fla. Mar. 15, 2019); *see also United States v. Walker*, No. 1:94-CR-5, 2019 WL 1226856, at *2 (N.D. Ohio Mar. 15, 2019) ("[T]he Court finds that the First Step Act's relief applies to defendants with presidential commutations.").  Further, Defendant's sentence has not previously been reduced by the Fair Sentencing Act nor has he previously filed a motion for reduction of his sentence pursuant to the First Step Act, satisfying section 404(c) of the First Step Act.  *See Walker*, 2019 WL 1226856, at *1.

The Government relies on the concurring opinion in *United States v. Surratt*, 855 F.3d 218, 219–20 (4th Cir. 2017), and the Fourth Circuit's subsequent decision in *Blount v. Clarke*, 890 F.3d 456, 462–63 (4th Cir. 2018), for the proposition that the clemency warrant prevents the Court from otherwise modifying the sentence in any way.  In *Surratt*, the Fourth Circuit found

5

moot a challenge to the petitioner's mandatory life sentence after the President commuted his sentence to 200 months during his appeal.[3] *See* 855 F.3d at 219. The same pattern followed in *Blount*, where the propriety of a life sentence following *Graham v. Florida*, 560 U.S. 48 (2010), was determined to be moot after the sentence was commuted to forty years. 890 F.3d at 456–57. The Government also cites to *Schick v. Reed*, 419 U.S. 256, 267 (1974). There the Supreme Court explained that relief based on *Furman v. Georgia*, 408 U.S. 238 (1972), which temporarily prohibited the death penalty, was not available to a defendant who had initially been sentenced to death but whose sentence had been commuted to life in prison by the time *Furman* was decided. 419 U.S. at 266.

These three cases stand for the proposition that the commutation of a sentence moots a legal challenge to the unlawfulness of the prior sentence when the commutation cures the alleged unlawful defect in that sentence. But Defendant does not seek relief based on a prior version of his sentence. Instead, he seeks relief under the First Step Act for a sentence consistent with "sections 2 and 3 of the Fair Sentencing Act of 2010." He is eligible for relief even after his commutation, and his case is not moot. Nothing about the nature of the commutation prevents this Court's action when the commutation does not moot the legal issue. *See Walker*, 2019 WL 1226856, at *2 (explaining commutation does not moot a First Step Act motion because "there is

---

[3] The Government relies specifically on Judge Wilkinson's concurrence, featuring the broadest view of the commutation's immunity from judicial action and explaining that the judiciary is "without power to inject ourselves into the lawful act of a coordinate branch of government" and "supersede a presidential pardon or commutation." *Surratt*, 855 F.3d at 220. But a concurring opinion from another Circuit is not binding on this Court. Nor does the First Step Act interfere with the commutation, because no condition imposed is sought to be altered and the commutation leaves the rest of Defendant's sentence in place. Whether a Court can order resentencing to cure a defect already cured by executive action—the issue in *Surratt*—is distinct from whether the Court can act under statutory authority, itself "the lawful act of a coordinate branch of government," *id.*, to impose a new sentence for someone who *remains eligible* for the relief he seeks.

relief available" when a defendant "has not yet served the remainder of his commuted sentence.").

The Government also argues that, even if the governing law is such that Defendant is eligible for relief, this Court should exercise its discretion to deny a further reduction because the Government would have charged Defendant with the proper drug quantity had he been charged after the passage of the Fair Sentencing Act. ECF No. 767 at 5. The Court agrees with the Defendant that such a speculative claim is insufficient. Many things might have been different if this crime had been committed and charged years later or the Fair Sentencing Act had been passed years earlier, and the Court is unwilling to engage in a series of hypotheticals about what might have happened had aspects of the case been fundamentally altered.

The First Step Act was passed by Congress, and signed by the President, in an effort to remedy the disproportionately harsh sentences imposed for crack cocaine offenses. Defendant's mandatory minimums were driven by a particularly harsh quirk of the law: his qualifying drug felonies, though inarguably proper under 21 U.S.C. § 851, were also part of his relevant conduct for this offense, which is normally not counted as prior conduct. The Court notes that Defendant is now fifty-eight, an age at which the Sentencing Commission has found that the recidivism rate begins to decline substantially. Kim Steven Hunt & Billy Easley II, U.S. Sentencing Comm'n, *The Effects of Aging on Recidivism Among Federal Offenders* 22 (2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf. A sentence of 180 months, the middle of the new Guidelines range and "the lodestone of sentencing," *Peugh v. United States*, 569 U.S. 530, 544 (2013), is "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a).

III. CONCLUSION

In accordance with section 404 of the First Step Act of 2018, the Court therefore reduces Defendant's sentence as to Count One of the Indictment to 180 months. The Court further reduces Defendant's term of supervised release as to Count One to eight years. All other provisions of the judgment remain unchanged.

IT IS SO ORDERED.

Dated this 9th day of April, 2019.

ROBERT W. PRATT, Judge
U.S. DISTRICT COURT